Filed 9/1/21  Monzon v. Atlantic Credit & Finance CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| CARLOS MONZON,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>ATLANTIC CREDIT & FINANCE, INC.,<br><br>    Defendant and Respondent. | B302501<br><br>(Los Angeles County<br>Super. Ct. No. 19STCV11533) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Rafael A. Ongkeko, Judge.  Reversed.

Law Offices of Todd M. Friedman, Todd M. Friedman, Adrian R. Bacon, and Thomas E. Wheeler for Plaintiff and Appellant.

Baker McKenzie LLP, Edward D. Totino and Benjamin W. Turner for Defendant and Respondent.

_____

The trial court sustained a demurrer to appellant Carlos Monzon's complaint based on an interpretation of Penal Code section 632.7[1] that has since been rejected by the California Supreme Court. Accordingly, we reverse.

**FACTUAL AND PROCEDURAL BACKGROUND**

Monzon filed a putative class action against Atlantic Credit & Finance, Inc. (Atlantic Credit) for allegedly recording telephone calls unlawfully. In his operative complaint, Monzon alleged that Atlantic Credit contacted him via his cellular telephone in an attempt to collect a debt owed by his mother. Atlantic Credit recorded the calls without informing Monzon or obtaining his consent.

Monzon asserted a single cause of action for violation of section 632.7. Under section 632.7, "[e]very person who, without the consent of all parties to a communication, intercepts or receives and intentionally records . . . a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone, shall be punished . . . ." (§ 632.7, subd. (a).)

Atlantic Credit demurred on the basis that Monzon failed to allege facts sufficient to constitute a violation of section 632.7. According to Atlantic Credit, such a violation requires the defendant both (1) intercept or receive a telephone communication without consent and (2) record the communication without consent. Monzon, however, did not allege

---

[1] All further undesignated statutory references are to the Penal Code.

2

Atlantic Credit intercepted or received the relevant communications without his consent.

In opposition, Monzon argued that section 632.7 prohibits recording a phone call without consent, regardless of whether the recording is done by a party to the conversation or an interloper. In other words, a defendant who records a phone call without consent violates section 632.7, even if the defendant did not intercept or receive the communication without consent.

The trial court agreed with Atlantic Credit's interpretation of section 632.7 and, on that basis, sustained its demurrer without leave to amend. Monzon timely appealed.

## DISCUSSION

On appeal, Monzon argues the trial court erroneously concluded section 632.7 applies only to nonparties to a phone call. Atlantic Credit responds that the court's interpretation is consistent with the text and legislative history of section 632.7, and applying the statute to parties would lead to absurd results. It also argues the rule of lenity counsels against any alternative interpretation.

While this appeal was pending, the California Supreme Court decided *Smith v. LoanMe, Inc.* (2021) 11 Cal.5th 183 (*Smith*), which holds section 632.7 forbids parties and nonparties to a phone call transmitted to or from a cellular or cordless telephone from recording the conversation without the consent of the other party or parties. (*Smith,* at pp. 871–880.) The Supreme Court, in other words, rejected Atlantic Credit and the trial court's interpretation of section 632.7. The high court also explicitly rejected many of the arguments Atlantic Credit asserts

3

in its respondent's brief.[2] (*See Smith,* at pp. 874–878 [rejecting textual and legislative history arguments], pp. 879–880 [rejecting absurd results argument], pp. 880–881 [rejecting rule of lenity argument].)

*Smith* is directly on point and determinative of this appeal. Monzon's operative complaint alleges that Atlantic Credit received communications he made using a cellular telephone, and, without his consent, recorded them. Under *Smith*, such allegations are sufficient to constitute a violation of section 632.7. As such, the trial court erred in sustaining Atlantic Credit's demurrer.

## DISPOSITION

The judgment is reversed. Monzon is awarded his costs on appeal.

OHTA, J.*

We Concur:

GRIMES, Acting P. J.        STRATTON, J.

---

[2]     Atlantic Credit filed an amicus curiae brief in *Smith* advancing many of the same arguments it makes in its respondent's brief.

*     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4